IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SIXTO RIVERA BUSTILLOS, #54327-177, | § | |
| | § | |
| Petitioner, | § | |
| vs. | § | Civil Action No. 3:19-CV-2641-B (BH) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be **DISMISSED** for failure to prosecute or follow orders of the court.

### I. BACKGROUND

Sixto Rivera Bustillos (Movant), an inmate incarcerated in the United States Bureau of Prisons, filed a *Motion for Reduction of Sentence Pursuant to Title 18 U.S.C. § 3582 (c)(1)(A)* in that was received in the underlying criminal case on November 1, 2019. (*See* doc. 2.) By *Order* dated November 5, 2019, Movant was notified that because his filing presented grounds for relief that fall within the purview of 28 U.S.C. § 2255, it was being construed as a motion to vacate sentence under 28 U.S.C. § 2255. (*See* doc. 1.) Because Movant had not designated his filing as a § 2255 motion or previously filed a § 2255 motion, the order set forth the notice and warnings about the consequences of the characterization of the filing in part as a § 2255 motion, as required by *Castro v. United States*, 540 U.S. 375 (2003). (*See id.* at 2.) He was also given an opportunity to either withdraw the recharacterized § 2255 motion, or to amend it so that it contained all of the grounds for relief that he believed were available to him under § 2255, within 20 days. (*See id.*)

---

[1]By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

Copies of the appropriate form for a § 2255 motion were attached to the order. More than 20 days from the date of the order have passed, but he still has not complied with or otherwise responded to it.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). On November 5, 2019, Movant was given 20 days to either submit a properly completed § 2255 motion or withdraw his filing. More than 20 days from the date of the order have passed, but he still has not complied with or otherwise responded to it.

## III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow an order of the court, unless Movant submits a properly completed § 2255 motion within the time for objecting to this recommendation, or by some other deadline set by the Court.

**SIGNED this 21st day of April, 2020.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE